IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
     v.                     )        2:21cr101-MHT
                            )            (WO)
JOHNNIE LEEANOZG DAVIS      )
```

ORDER

This cause is before the court on defendant Johnnie Leeanozg Davis's unopposed motion to continue. For the reasons set forth below, the court finds that the trial, now set for January 24, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

> officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court held a Zoom hearing on December 17, 2021, with defendant Davis present, to discuss the motion to continue. The court did so because Davis is currently detained in custody, and the requested delay of trial--until March 2022--is another lengthy continuance. At the hearing, Davis expressly agreed to the lengthy continuance.

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Davis in a speedy trial. Defense counsel informed the court that a continuance is necessary for six reasons.  First, he states that he was appointed on August 6, 2021, to replace a prior defense counsel.  *See* Unopposed Motion to Continue (Doc. 68). Second, he states that discovery in this case is massive because of the number of alleged crimes.  The discovery is additionally complicated because of the pending state cases.  *See id.*  Third, the superseding indictment added additional charges which complicated the discovery needed for trial.  *See id.*  Fourth, COVID-19 has limited defense counsel's ability to visit Davis.  *See id.*  Montgomery Municipal Jail does not allow in-person visitation and visits are limited to Zoom.  *See id.*  Counsel has not been able to meet frequently with Davis and has struggled to communicate with him regarding the discovery that is needed.    *See id.*    Fifth, Davis is facing a lengthy sentence if convicted, a minimum mandatory 49 years,

consecutive to a potential range of 9-11 years, for a total potential sentence of 58-60 years. *See id.* Defense counsel, therefore, believes he could not reasonably be prepared for this case to go to trial until after the January 2022 trial term. *See id.* In addition, the government does not oppose the requested trial continuance, and, as mentioned above, Davis expressly agreed to continuing the trial until March 2022.

The court, therefore, finds that a continuance of the trial is necessary in order to ensure that defense counsel is able to litigate the case effectively and prepare for trial fully.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Johnnie Leeanozg Davis's unopposed motion to continue trial (Doc. 68) is granted.

(2) The trial, now set for January 24, 2022, is rest for March 14, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

4

The United States Magistrate Judge shall conduct another pretrial conference prior the March 2022 trial term and reset the trial deadlines as needed.

DONE, this the 17th day of December, 2022.

                                         /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**