IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr101-MHT |
| | ) | (WO) |
| JOHNNIE LEEANOZG DAVIS | ) | |

ORDER

This cause is before the court on defendant Johnnie Leeanozg Davis's unopposed motion to continue. For the reasons set forth below, the court finds that the trial, now set for March 14, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court held a conference call on January 14, 2022, to discuss the motion to continue.  The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Davis in a speedy trial.  Defense counsel informed the court that a continuance is necessary because he has two state capital murder cases were set for trial in February

2

2022. *See* Unopposed Motion to Continue (Doc. 76) at 2-3. He does not believe he has time to prepare for these trials in addition to the Davis case. *See id.* At the status conference, defense counsel specifically asked for the trial to be reset to the trial term on June 13, 2022. In addition, the government does not oppose the requested trial continuance, and defense counsel represented that Davis agreed to continuing the trial.

The court, therefore, finds that a continuance of the trial is necessary in order to ensure that defense counsel is able to litigate the case effectively and prepare for trial fully.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Johnnie Leeanozg Davis's unopposed motion to continue trial (Doc. 76) is granted.

(2) The jury selection and trial, now set for March 14, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States

3

Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct another pretrial conference prior to the June 2022 trial term and reset the trial deadlines as needed.

DONE, this the 14th day of January, 2022.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**