IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
        v.                  )       2:21cr101-MHT
                            )           (WO)
JOHNNIE LEEANOZG DAVIS      )
```

ORDER

This case is before the court on defendant Johnnie Leeanozg Davis's unopposed motion to continue his trial. The court held a hearing on the motion today, and Davis confirmed that he seeks a continuance. Based on the representations made in the motion and on the record during the hearing today, and for the reasons set forth below, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial
Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is
> entered, the trial of a defendant charged in an
> information or indictment with the commission
> of an offense shall commence within seventy days
> from the filing date (and making public) of the
> information or indictment, or from the date the
> defendant has appeared before a judicial
> officer of the court in which such charge is
> pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period
"[a]ny period of delay resulting from other proceedings
concerning the defendant, including but not limited to
... delay resulting from any pretrial motion, from the
filing of the motion through the conclusion of the
hearing on, or other prompt disposition of, such motion."
§ 3161(h)(1)(D).  It also excludes from the 70 days any
continuance based on "findings that the ends of justice
served by taking such action outweigh the best interest
of the public and the defendant in a speedy trial."
§ 3161(h)(7)(A).  In deciding whether to grant a
continuance based on this provision, the court may
consider, among other factors, "whether a failure to

2

grant such a continuance ... would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, a continuance is permissible under § 3161(h)(1)(D) due to the pendency of multiple motions to suppress, and that the ends of justice served by granting a continuance outweigh the interest of the public and Davis in a speedy trial, § 3161(h)(7)(A).  Defense counsel has filed a motion to suppress evidence derived from a "geofence" warrant, obtained by the government in its investigation of Davis, directing the technology company Google to produce data regarding all devices using its services within a certain geographic area and window of time.  Defense counsel contends, and the government agrees, that the motion to suppress raises an important issue of first impression in the Eleventh Circuit.  The parties have yet to finish

3

presenting evidence on the motion to the magistrate judge, and even once they have done so, the magistrate judge will need a months or so to issue her recommendation on the motion.  After that, the court will require time to consider the magistrate judge's recommendation, as well as any objections filed by the parties.  Therefore, the court finds that a continuance is necessary to allow the parties, the magistrate judge, and the court adequate time to resolve the suppression motion.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Johnnie Leeanozg Davis's unopposed motion to continue trial (Doc. 119) is granted.

(2) The jury selection and trial, now set for June 13, 2022, are reset for August 8, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall

4

postpone the change-of-plea and any other appropriate
deadlines.

DONE, this the 10th day of May, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE