IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:21cr101-MHT
                            )             (WO)
JOHNNIE LEEANOZG DAVIS      )
```

OPINION AND ORDER

Defendant Johnnie Leeanozg Davis moved to suppress incriminating statements that he made during questioning by law enforcement that occurred more than six hours after he was arrested and before he was taken before a magistrate judge, as well as all evidence obtained by the government as a result of his statements.  He brings his motion pursuant to Federal Rule of Criminal Procedure 5(a)(1)(A), which requires that an arresting officer in a federal case generally "must take the defendant without unnecessary delay before a magistrate judge"; the *McNabb-Mallory* doctrine, which provides for suppression of statements made when there has been an unreasonable delay between arrest and presentment of the defendant to a magistrate

judge in federal cases;[1] and 18 U.S.C. § 3501(c), which limits the *McNabb-Mallory* rule by allowing for the admission of voluntary statements made before presentment so long as the statement was made within six hours of arrest, and allows admission of statements made after six hours where the delay in presentment was reasonable.  This case is before the court on the recommendation of the United States Magistrate Judge that Davis's motion to suppress be denied.  Also before the court are Davis's objections to the recommendation. Having completed an independent and de novo review of the record, the court agrees with the magistrate judge that the motion to suppress should be denied.  However,

---

1. As discussed in the recommendation, the *McNabb-Mallory* doctrine stems from two Supreme Court cases: *McNabb v. United States*, 318 U.S. 332 (1943), and *Mallory v. United States*, 354 U.S. 449 (1957). Under the doctrine, "an incriminating statement made during a period of 'unreasonable delay' between arrest and presentment to a magistrate or judicial officer [must be suppressed] even if the confession was totally voluntary."  Report and Recommendation (Doc. 117) at 7-8 (quoting *Corley*, 556 U.S. at 307–87, 316).

2

the court does not adopt certain parts of the recommendation's reasoning, as explained below.  (In the interests of efficiency, the court will not repeat the extensive discussion of the applicable law set forth in the recommendation, and assumes that the reader will have reviewed that document before reading this one.)

The court adopts the recommendation to the extent that it finds that Davis lacked a federal right to prompt presentment under Rule 5(a)(1)(A)[2] at the time he made his statements because he was under arrest on only state charges at the time, and because there is insufficient evidence of improper collusion between state and federal law enforcement for the federal prompt-presentment rule to apply.  *See United States v.*

---

2. Rule 5(a)(1)(A) states: "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(A).

3

*Alvarez-Sanchez*, 511 U.S. 350, 359-60; *id*. at 361-62 (Stevens, J., concurring); *Anderson v. United States*, 318 U.S. 350 (1943).  The court agrees with the magistrate judge's factual determinations and application of law as to these issues.

However, the court does not adopt the recommendation to the extent it finds that Davis waived his prompt-presentment rights when he signed a *Miranda* waiver.  *See* Report and Recommendation (Doc. 117) at 16-17.  This part of the recommendation is based on application of *O'Neal v. United States*, 411 F.2d 131 (5th Cir. 1969)[3], which the magistrate judge viewed as holding that a defendant's valid *Miranda*[4] waiver always

---

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

4

waives his right to prompt presentment before a magistrate judge. *See* Report and Recommendation (Doc. 117) at 8 ("A valid *Miranda* waiver operates as a waiver of the prompt presentment requirement because it satisfies the purposes of informing the defendant 'that he is entitled to counsel and that he need not speak to the officers at all.'" (quoting *O'Neal*, 411 F.2d at 136)).

The court declines to adopt the relevant parts of the recommendation for several reasons. First, there is no need to reach the impact of the *Miranda* waiver to resolve the pending motion to suppress, and because of the complexity of the issue, the court declines to do so.[5] Second, to the extent that the recommendation correctly reads *O'Neal*--as holding that a *Miranda*

---

5. Indeed, because of the absence of any need to address the issue and because of uncertainty as to whether the ruling was still good law, the government initially chose not to raise *O'Neal*, *see* Transcript (Doc. 113) at 93, and only changed its mind when the magistrate judge ordered briefing on the issue *sua sponte*.

5

waiver also waives the defendant's right to prompt presentment, and as suggesting that, once a *Miranda* waiver has been signed, the only remaining issue is whether the confession was voluntarily made--it may no longer be good law in light of the Supreme Court's decision in *Corley v. United States*, 556 U.S. 303 (2009).  Indeed, *O'Neal* appears to have been overruled by the Fifth Circuit Court of Appeals for just this reason.  In *United States v. Boche-Perez*, 755 F.3d 327, 334–35 (5th Cir. 2014), the court explained:

> "*Corley* makes clear that even voluntary confessions should be suppressed if they occurred during a period of unreasonable delay. 'If the confession occurred before presentment and beyond six hours,' the Supreme Court instructed, 'the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb–Mallory* cases, and if it was, the confession is to be suppressed.' 556 U.S. at 322, 129 S. Ct. 1558. Accordingly, we take this opportunity to confirm that, to the extent our previous cases have indicated that a greater-than-six-hour delay is only a component of a broader voluntariness examination, those cases were overruled by the Supreme Court in *Corley*. Instead, when presented with a delay outside of the safe harbor, a district court must apply the

6

> *McNabb-Mallory* doctrine to determine whether the delay in bringing a suspect before a magistrate was reasonable."

*But see United States v. Villanueva*, 2016 WL 3344227, at 9 (M.D. Fla. June 13, 2016) (Kovachevich, J.) (finding that *O'Neal* remains a binding precedent); *United States v. Hector*, 2013 WL 2898078, 11-13 (N.D. Ga. January 29, 2013) (Anand, M.J.) (concluding that *Corley* did not directly overrule *O'Neal*'s statement that a waiver of *Miranda* rights is a waiver of the right to prompt presentment) (report and recommendation adopted in part, rejected in part after government stipulation by *United States v. Hector*, No. 1:12-CR-183-JEC-JSA, 2013 WL 2898099 (N.D. Ga. June 11, 2013) (Carnes, Julie, J.).

Finally, it is questionable whether the part of *O'Neal* upon which the recommendation relies is the holding of the case, as opposed to dicta. Dicta is the part of an opinion that "is not necessary to the result the [c]ourt reached in the case." *United States v.*

7

*Hunter*, 172 F.3d 1307, 1310 (11th Cir. 1999) (Carnes, Ed, J., concurring).  In *O'Neal*, the court determined that the delay between arrest and presentment of the defendant was reasonable--thereby making clear that suppression of the defendant's statement was not required under the *McNabb-Mallory* line of cases--before it turned to the impact of the *Miranda* waiver on the appropriateness of suppression.  As the court presumably would have rejected suppression under the *McNabb-Mallory* doctrine regardless of the impact of the *Miranda* waiver, the *Miranda* issue was, at least arguably, not necessary to the result.  See *O'Neal*, 411 F.2d at 136-37.

Furthermore, "[t]he holdings of a prior decision can reach only as far as the facts and circumstances presented to the [c]ourt in the case which produced that decision."  *Hunter*, F.3d at 1310.  In *O'Neal*, the defendant spontaneously made incriminating statements shortly after arrest, and a lengthy delay before

8

presentment *followed* his statements.  In other words, the prosecution gained no benefit by delaying taking the defendant before a magistrate.  Because the *O'Neal* court was not presented with a situation in which a defendant confessed *after* a lengthy pre-presentment delay, it is arguable whether *O'Neal* established a rule for such cases.  To the extent the panel attempted to state a broader rule, that statement may be considered dicta.

For all of these reasons, the court declines to rely upon *O'Neal* in resolving this case, and does not adopt the relevant parts of the recommendation.[6]

---

6. The court notes that it seems quite problematic to find that a *Miranda* waiver always waives the right to prompt presentment because, as a general matter, waivers of rights potentially impacting a defendant's freedom must be made knowingly and voluntarily. *See*, *e.g.*, *United States v. Bushert*, 997 F.2d 1343, 1351 n.20 (11th Cir. 1993) ("[T]he waiver of a right-whether constitutional or statutory-must be knowingly and voluntarily made."). If a defendant were specifically warned of his right to prompt presentment under Rule 5(a) as part of the *Miranda* waiver, it might make sense to find waiver of that right, assuming the waiver was

9

***

Accordingly, upon an independent and de novo review of the record, it is ORDERED as follows:

(1) The recommendation of the United States Magistrate Judge (Doc. 117) is adopted in part and rejected in part.

---

otherwise voluntary. However, in the absence of evidence that the defendant knew that he had a right to be taken promptly before a magistrate judge, it would be difficult to conclude that he waived that right knowingly and intelligently.

Furthermore, the prompt-presentment right has independent value that a *Miranda* waiver does not address. Should authorities be empowered to hold defendants for any length of time without any penalty to the criminal prosecution so long as they obtained a *Miranda* waiver on day one? "In [such] a world ..., federal agents would be free to question suspects for extended periods before bringing them out in the open, and we have always known what custodial secrecy leads to. No one with any smattering of the history of 20th-century dictatorships needs a lecture on the subject, and we understand the need even within our own system to take care against going too far." *Corley*, 556 U.S. at 320 (citation omitted).

10

    (2)  The motion to suppress (Doc. 85) is denied.

 DONE, this the 15th day of July, 2022.

                             /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**